OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS

November 21, 2001

Mr. Tom Harrison
Executive Director
Texas Ethics Commission
P.O. Box 12070, Capitol Station
Austin, Texas 78711-2070

Opinion No. JC-0435

Re: Whether the Texas Ethics Commission is precluded from promptly providing public access to electronic copies of certain reports by section 254.0401(b) of the Election Code (RQ-0412-JC)

Dear Mr. Harrison:

Chapter 254, subchapter B of the Election Code requires certain candidates and committees to file campaign contribution and expenditure reports with Texas Ethics Commission (the "Commission") by computer diskette or other electronic means and requires the Commission to make these reports available on the Internet and by other electronic means, such as computer diskettes and CDs. You ask whether the Commission, in responding to requests for information under the Public Information Act, is precluded by section 254.0401(b) of the Election Code from promptly providing electronic copies of certain reports.[1] We conclude that this statute precludes the Commission from providing reports on the Internet until all those who are required to file reports in a particular election campaign have done so or until a date certain after the filing deadline, but that it does not preclude the Commission from promptly providing electronic copies of a report on computer diskette or CD or by similar means after the report has been filed with the Commission.

As you note, the Public Information Act requires a governmental body, including the Commission, to "promptly produce" requested information that is not excepted from required public disclosure. See TEX. GOV'T CODE ANN. § 552.221 (Vernon Supp. 2001); see also Tex. Att'y Gen. ORD-664 (2000) (governmental body's duty to release information not excepted from required public disclosure under the Public Information Act "promptly" means to "release as soon as possible under the circumstances, that is, within a reasonable time, without delay"). You are concerned about whether the Commission may comply with this duty when asked for electronic copies of certain reports, the availability of which is also governed by section 254.0401 of the Election Code.

Subchapter B of chapter 254 of the Election Code requires candidates for office to file campaign contribution and expenditure reports with the Commission. Section 254.036(b) provides that with certain exceptions, "report[s] filed under this chapter with the commission must be filed

---

[1]Letter from Mr. Tom Harrison, Executive Director, Texas Ethics Commission, to Honorable John Cornyn, Texas Attorney General (July 31, 2001) (on file with Opinion Committee) [hereinafter Request Letter].

by computer diskette, modem, or other means of electronic transfer, using computer software provided by the commission or computer software that meets commission specifications for a standard file format." TEX. ELEC. CODE ANN. § 254.036(b) (Vernon Supp. 2001). The Commission is required to make information from these campaign contribution and expenditure reports available not just in print but also by electronic means. *See id.* § 254.0402(b). Section 254.0402 defines "electronic means" to include "(1) providing access to computer terminals at the commission's office; (2) providing information on computer diskette for purchase at a reasonable cost; and (3) providing modem or other electronic access to the information." *Id.*

Section 254.0401, the statute at issue in your request, requires the Commission to make these electronic reports available on the Internet. It provides as follows:

> (a) Except as provided by Subsection (b), the commission shall make each report filed with the commission under Section 254.036(b) available to the public on the Internet not later than the second business day after the date the report is filed.
>
> (b) Except as otherwise provided by this subsection, *the commission may not* make a report filed with the commission under Section 254.036(b) for a reporting deadline by any candidate for a particular office or by a specific-purpose committee for supporting or opposing only one candidate for a particular office *available to the public on the Internet until* each candidate for that office and each specific-purpose committee for supporting or opposing only one candidate for that office, other than a candidate or committee to which Section 254.036(c) or (d) applies, has filed a report for that reporting deadline. Regardless of whether each candidate for a particular office and each specific-purpose committee for supporting or opposing only one candidate for that office has filed a report for a filing deadline, *the commission shall make each report in connection with that office available on the Internet and by any other electronic means on*:
>
> > (1) the 21st day after the date of the filing deadline, for a report other than a report required to be filed under Section 254.064(c); or
> >
> > (2) the fourth day after the date of the filing deadline, for a report required to be filed under Section 254.064(c).
>
> (c) Subsection (b) does not apply to a report filed under Section 254.038.

(d) The access allowed by this section to reports is in addition to the public's access to the information through other electronic or print distribution of the information.

(e) Before making a report filed under Section 254.036(b) available on the Internet, the commission shall remove each portion, other than city, state, and zip code, of the address of a person listed as having made a political contribution to the person filing the report. The address information removed must remain available on the report maintained in the commission's office but may not be available electronically at that office.

*Id.* § 254.0401 (emphasis added).

You ask about subsection (b) of section 254.0401. Generally, all electronically filed reports must be made available by the Commission on the Internet not later than the second business day after the report is filed. *See id.* § 254.0401(a). Subsection (b), however, makes an exception to this general rule. The first sentence of subsection (b) provides that the Commission "may not make a report filed with the commission under Section 254.036(b) . . . *available to the public on the Internet* until each candidate for that office and each specific-purpose committee for supporting or opposing only one candidate for that office, other than a candidate or committee to which Section 254.036(c) or (d) applies, has filed a report for that reporting deadline." *Id.* § 254.0401(b) (emphasis added). The second sentence provides that even if candidates and specific-purpose committees have not "filed a report for a filing deadline, the commission shall make each report in connection with that office available on the Internet and by any other electronic means" by a date certain after the filing deadline. *See id.* You suggest that the second sentence of subsection (b) may preclude the Commission from providing electronic copies of reports, such as reports copied on CDs or computer diskettes, prior to the date on which reports must be made available on the Internet. *See* Request Letter, *supra* note 1, at 2 ("It is unclear . . . whether Section 254.0401(b), Election Code, prohibits the commission from making reports 'available on the Internet and by any other electronic means' (such as a CD or diskette) during the waiting period if not all candidates and specific-purpose committees for a particular office have filed reports for a particular deadline, or whether the commission is merely prohibited from making reports 'available to the public on the Internet.'").

We construe section 254.0401(b) to prohibit the Commission from providing information on the Internet (for a certain period of time) but not by other means. The first sentence of subsection (b), which uses the term "may not," prohibits the Commission from making a report available on the Internet until all those required to file the report in a particular campaign have done so. *See* TEX. ELEC. CODE ANN. § 254.0401(b) (Vernon Supp. 2001); TEX. GOV'T CODE ANN. § 311.016(5) (Vernon 1998) (unless the context in which the word or phrase appears necessarily requires a different construction or unless a different construction is expressly provided by statute "'[m]ay not' imposes a prohibition and is synonymous with 'shall not.'"). Significantly, this sentence mentions only the Internet and does not expressly prohibit the Commission from making the reports available by other

electronic means. The second sentence of subsection (b), which uses the term "shall," mandates the Commission to make reports available on the Internet and by any other electronic means by a date certain after the filing deadline, regardless of whether all those in a campaign who are required to file the report have done so. *See* TEX. ELEC. CODE ANN. § 254.0401(b) (Vernon Supp. 2001); TEX. GOV'T CODE ANN. § 311.016(2) (Vernon 1998) ("'Shall' imposes a duty."). Limitations on the public disclosure of information must be express. *See* Tex. Att'y Gen. ORD-658 (1998) at 4 ("A statutory confidentiality provision must be express . . . ."), ORD-478 (1987) at 2 (same), ORD-465 (1987) at 4-5 (same). We do not read the requirement that the Commission must affirmatively make these reports available by other electronic means by a date certain as a prohibition against providing copies of the reports by other electronic means at an earlier date because such a prohibition would exist merely by implication.

This conclusion is consistent with the legislature's careful use of technical terms in sections 254.0401 and 254.0402, which were enacted in the same 1999 legislation. *See* Tex. Att'y Gen. Op. No. JC-0198 (2000) at 2 (legislative history), 5-6 (construing Election Code sections 254.0401 and 254.0402 *in pari materia*). This office construed subsection (e) of section 254.0401 in Attorney General Opinion JC-0198. In that opinion, we reviewed the legislature's use in sections 254.0401 and 254.0402 of such terms as the "Internet," "other electronic means," and "available electronically." We noted that the legislature was careful to distinguish between access to information on the Internet and access to information by other electronic means. *See id.* at 6; *see also* TEX. GOV'T CODE ANN. § 311.011(b) (Vernon 1998) ("Words and phrases that have acquired a technical or particular meaning, whether by legislative definition or otherwise, shall be construed accordingly.").

Given the legislature's care in distinguishing between these modes of access, we believe that if the legislature had intended the first sentence of section 254.0401(b) to prohibit the Commission from making reports available by other electronic means it would have expressly included the phrase "other electronic means" in that sentence. Neither this office nor the Commission may insert words into a statute that the legislature appears to have purposefully omitted. *See Laidlaw Waste Sys., Inc. v. City of Wilmer*, 904 S.W.2d 656, 659 (Tex. 1995) (courts should not insert words in a statute except to give effect to clear legislative intent); *Hunter v. Fort Worth Capital Corp.*, 620 S.W.2d 547, 552 (Tex. 1981) (same). Furthermore, because the statute is unambiguous on its face, we may not resort to extrinsic aids, such as legislative history, to construe it. *See Fitzgerald v. Advanced Spine Fixation Sys., Inc.*, 996 S.W.2d 864, 865-66 (Tex. 1999) ("[I]t is cardinal law in Texas that a court construes a statute, 'first, by looking to the plain and common meaning of the statute's words.' If the meaning of the statutory language is unambiguous, we adopt, with few exceptions, the interpretation supported by the plain meaning of the provision's words and terms. Further, if a statute is unambiguous, rules of construction or other extrinsic aids cannot be used to create ambiguity.") (citations omitted).

This reading of subsection (b) is consistent with the purpose of section 254.0401 as a whole. *See Sayre v. Mullins*, 681 S.W.2d 25, 27 (Tex. 1984) (in determining meaning of statutory language, statute to be read as a whole giving consideration to entire act). Section 254.0401 is not intended

to comprehensively govern public access to electronically filed reports. Rather, it provides for and governs the availability of these reports according to a specific mode – the Internet. As subsection (d) of that provision makes clear, the Internet access provided by section 254.0401 "is in addition to the public's access to the information through other electronic or print distribution of the information." TEX. ELEC. CODE ANN. § 254.0401(d) (Vernon Supp. 2001). With the exception of the second sentence of subsection (b), which affirmatively requires the Commission to make reports available by other electronic means after a date certain, and subsection (e), which prohibits the Commission from making certain contributor address information available both on the Internet and in other electronic form, *see* Tex. Att'y Gen. Op. No. JC-0198 (2000), section 254.0401 simply does not address the public's access to electronically-filed reports by means other than the Internet.

In sum, section 254.0401(b) of the Election Code does not prohibit the Commission from providing an electronic copy of a report by such means as computer diskette or CD prior to the time all those who are required to file the report in a particular campaign have done so or until the date the Commission is required to make the reports available on the Internet. Therefore, at any time after a report is filed, the Commission must disclose electronic copies of the report by computer diskette or CD as required by the Public Information Act.

## **S U M M A R Y**

   Section 254.0401(b) of the Election Code prohibits the Texas Ethics Commission from making available on the Internet a campaign contribution and expenditure report prior to the time all those who are required to file the report in a particular campaign have done so or until a date certain after the filing deadline. However, this section does not prohibit the Commission from providing an electronic copy of a report by other means prior to the time the reports are available on the Internet. Therefore, at any time after a report is filed, the Commission must disclose electronic copies of the report by, for example, computer diskette or CD as required by the Public Information Act.

Yours very truly,

**JOHN CORNYN**
Attorney General of Texas

HOWARD G. BALDWIN, JR.
First Assistant Attorney General

NANCY FULLER
Deputy Attorney General - General Counsel

SUSAN D. GUSKY
Chair, Opinion Committee

Mary R. Crouter
Assistant Attorney General, Opinion Committee